---

### In re KRUG et al.

(District Court, E. D. Pennsylvania. December 1, 1914.)

#### No. 5005.

BANKRUPTCY (§ 225*)—PROCEEDINGS BEFORE REFEREE—RECEPTION OF EVIDENCE.

　　Subject to the exercise of his discretion in controlling irrelevant inquiries, it is good practice for a referee to receive testimony to which objection is made.

　　[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 384; Dec. Dig. § 225.*]

In Bankruptcy. In the matter of John F. Krug and George Klein, individually and as copartners, trading as Krug & Klein, bankrupts. On exceptions to report of referee on special reference of motion to strike out answer of attaching creditor to petition in bankruptcy. Exceptions overruled.

Henry Arronson, of Philadelphia, Pa., for petitioning creditors.
D. Hays Solis-Cohen, of Philadelphia, Pa., for attaching creditor.

DICKINSON, District Judge. The only facts with which we are now concerned are the following:

John F. Krug and George Klein formed a partnership under the firm name of Krug & Klein to engage in the milk business. The partnership was formed July 1, 1912, and acquired the ownership of certain milk routes and personal property for use in that business. In June, 1913, the firm became insolvent. An attempt was made to wind up its affairs through an agreement among its creditors by which its property should be turned over to a trustee for the creditors' benefit. This effort fell through. Following this one of the milk routes belonging to the firm was sold, the proceeds to go to the firm creditors through a trustee named to receive the money. In December, 1913, before the above moneys were paid, a petition in bankruptcy was filed.

William Schmitz had secured a confessed judgment against Krug, one of the partners, and had issued an attachment in execution levying upon the money proceeds of this sale in the hands of the purchaser. The attachment issued prior to the petition in bankruptcy, and the attaching creditor filed an answer to the petition in bar of an adjudication. This answer is based upon certain averments to the effect that the partnership had been dissolved, that Krug, one of the partners, had come into possession of certain property as his share of the partnership effects, and that the moneys attached were the individual moneys of the partner, who was the defendant in the judgment upon which the attachment had issued. A motion was made to strike out the answer. A special reference was made of the answer and motion in order to have the facts found. The report of the referee, to whom the reference was made, has been filed, and the matter is now before the court on exceptions to his report. The firm is admittedly insolvent. Neither of the individual partners possess any individual assets. The real contest, therefore, is whether the proceeds of the firm property shall be applied to the payment of the firm debts or shall go to the attaching creditor. Not a little ingenuity has been displayed by counsel for the attaching creditor to make a plausible showing of his claim of right to this fund. The line of reasoning is that partners are joint owners of the partnership property; that as such joint owners they may by agreement sever the joint ownership and each become the individual owner of his part of what was before the common property. This may be accomplished by a dissolution of the firm and a division of its assets between the two partners. When any part of the property has thus become the individual property of one of the partners, it may be levied upon by any creditor of that partner who has obtained judgment and issued execution. The firm creditors have no lien upon the specific property which had formerly belonged to the firm, and their rights as creditors can be worked out only through their right to pursue each and both of the firm partners for the debts owing. These principles are given application in the present instance by the averment of the facts, already referred to, that there had been a dissolution of this firm, a division of its assets, and that the part of the assets with which we are now concerned had become the individual property of Krug, against whom the attaching creditor had obtained judgment and issued an attachment, which he was in consequence entitled to maintain against any claim of the firm creditors.

It is unnecessary to inquire into the soundness of the propositions of law upon which the claim of the right of the attaching creditor is founded, because the admitted basis of the whole claim is the averment of a series of facts beginning with the dissolution of the firm. The referee has found this and all the other facts of the case against the attaching creditor. Nothing has been suggested to call upon the court to interfere with this finding. The only inquiry remaining, therefore, is whether the referee excluded any evidence which had a bearing upon the controlling fact. The rulings referred to in exceptions 1 to 7, inclusive, clearly have no such bearing. The inquiries

involved in most of the questions to which the exceptions relate were clearly irrelevant ones, and, as to the others, answers were given which show the exceptions to be without merit. The agreement referred to in the question quoted in the eighth exception is assumed to refer to the abandoned project to adjust in some way the firm indebtedness. The question, therefore, had no relevant bearing upon the inquiry. Subject to the exercise of the discretion of the referee in controlling irrelevant inquiries, it is good practice to take the testimony to which the objection applies. As, however, the attempt to make an adjustment with the creditors was an admittedly futile one, what the agreement was leading up to it is of no evidential value to us, and we therefore cannot find that the referee was in error in refusing to permit the question to be answered.

This disposes of all the questions raised by the exceptions. The exceptions are dismissed, and the findings of the referee affirmed.